```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
UNITED STATES                      )
                                   )
     v.                            )   Cr. No. 13-111 WES
                                   )
DAVID LASSEQUE                     )
_____)
```

## **MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Defendant/Movant David Lasseque has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion to Vacate") (ECF No. 102) in the above-captioned matter. The Government has objected to the Motion. (See Resp. in Opp'n to Mot. to Vacate ("Resp.") (ECF No. 104).) The Court has determined that no hearing is necessary. For the reasons that follow, the Motion is DENIED.

I.  Background and Travel

Following a two-day jury trial, on June 24, 2014, Lasseque was found guilty of one count of bank robbery and one count of conspiracy to commit bank robbery. (Mot. to Vacate 1.) He was sentenced on September 26, 2014, to a total of 140 months' imprisonment, to be followed by three years of supervised release. (Id.)

Lasseque appealed, arguing that the Court erred in denying his motion for judgment of acquittal and in imposing certain sentencing enhancements. (Id. at 2.) In a Judgment issued on November 18, 2015, the First Circuit denied the appeal. (Id.) The appellate court's Mandate issued on December 10, 2015. The United States Supreme Court subsequently denied Lasseque's petition for writ of certiorari. (Mot. to Vacate 2.)

On September 21, 2016,[1] Lasseque timely filed the instant Motion. (Id. at 13.)

II. Law

A. Section 2255

Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

---

[1] The Motion is dated September 21, 2016, and is deemed filed on that date. See Houston v. Lack, 487 U.S. 266, 270 (1988) (concluding that pleadings are deemed filed on date prisoner relinquishes control over documents).

Generally, the grounds justifying relief under 28 U.S.C. § 2255(a) are limited. A court may grant relief pursuant to § 2255 in instances where the court finds a lack of jurisdiction, a constitutional error, or a fundamental error of law. United States v. Addonizio, 442 U.S. 178, 185 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Moreover, § 2255 is not a substitute for direct appeal. Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994)(citations omitted).

B.  Procedural Default

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'" of the crimes for which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998)(internal citations omitted); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991); Murray v. Carrier, 477 U.S. 478, 496 (1986). "[C]ause" consists of "some objective factor external to the defense . . . ." Carrier, 477 U.S. at 488; see also Coleman, 501 U.S. at 753 (noting that the Carrier Court "explained clearly that 'cause' under the cause and prejudice test

3

must be something external to the petitioner, something that cannot fairly be attributed to him"). In order to demonstrate prejudice, "the [h]abeas petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Carrier, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982))(alteration in original); see also Derman v. United States, 298 F.3d 34, 45 (1st Cir. 2002)("The showing of prejudice needed to cure a procedural default generally requires a habeas petitioner to demonstrate that there is a reasonable probability that the result of the trial would have been different absent the error. The question is not whether the petitioner, qua defendant, would more likely have received a different verdict had the error not occurred, but whether he received a fair trial, understood as a trial worthy of confidence, notwithstanding the bevue.")(internal citations and quotation marks omitted). The "actual innocence" standard established by the Supreme Court in Carrier "requires the habeas petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (quotation marks omitted). To establish the requisite probability, "a petitioner must show that it is more likely than not that no

4

reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. Moreover, a credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. at 324. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

C. Strickland

The Sixth Amendment guarantees defendants the right to effective assistance of counsel. Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993)(citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). However, "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991).

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

(1) that [his] counsel's representation fell below an objective standard of reasonableness[; and]
(2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

5

Strickland, 466 U.S. at 687-88, 694. In assessing the adequacy of counsel's performance, a defendant "'must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,' and the court then determines whether, in the particular context, the identified conduct or inaction was 'outside the wide range of professionally competent assistance.'" United States v. Manon, 608 F.3d 126, 131 (1st Cir. 2010)(quoting Strickland, 466 U.S. at 690). With respect to the prejudice requirement under Strickland, a "reasonable probability is one sufficient to undermine confidence in the outcome. In making the prejudice assessment, [the court] focus[es] on the fundamental fairness of the proceeding." Id. (internal citations and quotation marks omitted). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687; see also Reyes-Vejerano v. United States, 117 F. Supp. 2d 103, 106 (D.P.R. 2000)("The petitioner has the burden of proving both prongs of this test, and the burden is a heavy one."). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

Strickland instructs that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689; see also id. ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Moreover, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. Finally, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689.

III. Discussion

Lasseque presents one formal ground for relief and a plethora of other allegations, the majority of which involve claims of

ineffective assistance of counsel, some of which make no sense, and none of which was raised on direct appeal. (Mot. to Vacate 2-10.) The Government argues that Lasseque's claims are meritless, procedurally barred, and/or unsupported. (Resp. 2.)

A. Johnson Claim

Lasseque argues that the offenses for which he was convicted no longer qualify as crimes of violence. (Mot. to Vacate 4.) Specifically, he contends that: "Rob[b]ery and Conspiracy to Commit Armed Rob[b]ery did not involve any physical force nor physical injury and thus are not acts of violence under the residual clause." (Id.)

The "residual clause" to which Lasseque refers is the "residual clause" of the Armed Career Criminal Act ("ACCA"), which was held to be unconstitutionally vague by the Supreme Court in Johnson v. United States, 135 S.Ct. 2551 (2015). The ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1)[2] of this title for a violent felony or a serious drug offense, or both,

---

[2] Section 922(g) makes it illegal for certain persons, including anyone "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), to "ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce," id. § 922(g).

8

committed on occasions different from one another, such
person shall be fined under this title and imprisoned
not less than fifteen years, and, notwithstanding any
other provision of law, the court shall not suspend the
sentence of, or grant a probationary sentence to, such
person with respect to the conviction under section
922(g).

18 U.S.C. § 924(e)(1).  The ACCA defines a "violent felony" as follows:

> [T]he term "violent felony" means any crime punishable
> by imprisonment for a term exceeding one year, or any
> act of juvenile delinquency involving the use or
> carrying of a firearm, knife, or destructive device that
> would be punishable by imprisonment for such term if
> committed by an adult, that--
>     (i) has as an element the use, attempted use, or
>     threatened use of physical force against the person
>     of another; or
>     (ii) is burglary, arson, or extortion, involves use
>     of explosives, or otherwise involves conduct that
>     presents a serious potential risk of physical
>     injury to another . . . .

18 U.S.C. § 924(e)(2)(B).  It is the last clause, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," id. § 924(e)(2)(B)(ii), that has become known as the "residual clause," Johnson, 135 S.Ct. at 2555-56.

The problem with Lasseque's argument is that he was not charged with, or convicted of, violating § 922(g).  Rather, he was convicted of bank robbery, in violation of 18 U.S.C. § 2113,[3] and

---

[3] Section 2113 provides, in relevant part:

(a) Whoever, by force and violence, or by intimidation,
takes, or attempts to take, from the person or presence

9

conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371.[4] (Indictment, ECF No. 8.) Therefore, the residual clause has no applicability to Lasseque's case, and his claim that he is entitled to relief under Johnson accordingly fails.[5]

---

of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

. . . .

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

. . . .

18 U.S.C. § 2113.

[4] The relevant portion of § 371 states:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

. . . .

18 U.S.C. § 371.

[5] Lasseque asserts that the Johnson claim was not raised on direct appeal due to ineffective assistance of counsel. (Mot. to Vacate 4.) Even assuming, hypothetically, that counsel could have raised the claim, because there is no basis for relief here, it

B. Remaining Allegations

Scattered throughout Lasseque's Motion are thirty-seven additional allegations, including ineffective assistance of counsel, due process violations, and judicial error.

1. Procedurally Defaulted Claims

Lasseque raises a number of claims which could, and should, have been brought on direct appeal, but were not. See United States v. Lasseque, 806 F.3d 618, 622 (1st Cir. 2015)(listing grounds for appeal). These include: challenges to the jury instructions, "prejudicial publicity," "ambush by the Government," "denial of bail," "collusion between defense counsel and [the Government]," being "forc[ed]" to proceed pro se or receive ineffective assistance of counsel, violation of his right to be tried by a jury of his peers and his right to a speedy trial, prosecutorial misconduct, and the cumulative effect of these, and other, alleged errors. (Mot. to Vacate 2, 5, 7-8.) "The proper place for [Lasseque] to raise these issues was on direct appeal." Knight, 37 F.3d at 774. "Having bypassed his opportunity to raise

---

necessarily follows that counsel was not ineffective. See United States v. Cabrera, No. 99-1607, 2000 WL 227937, at *1 (1st Cir. Feb. 18, 2000)(unpublished table decision)(citing Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999))("Cabrera's first ineffective assistance of counsel claim fails because the substantive argument clearly would not have succeeded."); see also Knight v. Spencer, 447 F.3d 6, 16 (1st Cir. 2006)(citing Vieux, 184 F.3d at 64).

these claims on direct appeal, he cannot raise them now on collateral attack." Id. at 773 (citing Stone v. Powell, 428 U.S. 465, 477 n.10 (1976)). Allowing Lasseque to bring his claims in the instant Motion "would essentially be allowing him to use § 2255 as a substitute for appeal." Id. This he cannot do. See id. at 772; see also Frady, 456 U.S. at 165 ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."). Therefore, these claims are procedurally defaulted.

As noted above, Lasseque may overcome the procedural default by showing both cause for the default and actual prejudice resulting from the alleged errors or, alternatively, that he is actually innocent of the crimes for which he was convicted. Bousley, 523 U.S. at 622; see also Coleman, 501 U.S. at 750; Derman, 298 F.3d at 45. Lasseque has made neither showing.

Reading Lasseque's Motion liberally, the Court assumes that Lasseque argues that ineffective assistance of counsel also caused the procedural default of these claims. See Estelle v. Gamble, 429 U.S. 97, 106 (1976)(noting that pro se document "is to be liberally construed"); (Mot. to Vacate 6 (stating that he "had ineffective [assistance] of Counsel which did not allow me to participate in my appeal in fact I did not know when my appeal was even taking place"); id. 7).

Ineffective assistance of counsel, under the standard set by the Supreme Court in Strickland v. Washington, is cause for a procedural default. See Carrier, 477 U.S. at 488; see also id. at 492 ("Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial."). "[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." Id. The Carrier Court noted "that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." Id. at 488 (internal citations and quotation marks omitted); see also Reed v. Ross, 468 U.S. 1, 16 (1984)("[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable . . . procedures.").

Lasseque has not shown, or even argued, that the factual or legal basis for these claims was not available to counsel. Nor has he shown that any external impediment, such as interference from Government officials, prevented counsel from raising the allegations on direct appeal. Finally, Lasseque has not

13

demonstrated that his counsel's performance was ineffective under the Strickland standard, as will be discussed below. He simply states that he was not allowed, presumably by counsel, to participate in his appeal, without elaboration. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)(noting "the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); id. ("It is not enough merely to mention a possible argument in the most skeletal way . . . . Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace")(internal quotation marks omitted). Because Lasseque has not demonstrated cause for the procedural default, the Court need not address prejudice. See Carrier, 477 U.S. at 496 (noting adherence to cause and prejudice test "in the conjunctive"); cf. Derman, 298 F.3d at 45 ("Because the petitioner in this case has not sufficiently demonstrated prejudice . . . we need not inquire into the question of cause.").

Moreover, Lasseque has not shown, or even argued, that he is "actually innocent" of the crimes of bank robbery and conspiracy to commit bank robbery. Although he testified at trial that he was innocent (see Tr. 69-70, ECF No. 89), he has offered no new reliable evidence of his factual innocence that was not presented

14

at trial. See Schlup, 513 U.S. at 324; see also Bousley, 523 U.S. at 623.

Lasseque has not demonstrated cause for and prejudice from the procedural default of his claims, or that he is actually innocent of bank robbery and conspiracy to commit bank robbery. Therefore, he has procedurally defaulted these claims, and, accordingly, the Court does not reach the merits of the allegations.

### 2. Ineffective Assistance of Counsel Claims

By contrast, Lasseque's ineffective assistance of counsel claims are properly brought in a § 2255 motion. See Knight, 37 F.3d at 774 ("Unlike the two arguments asserted above, Knight's claim of ineffective assistance of counsel is properly before [the court] under 28 U.S.C. § 2255.") id. ("[T]he failure to bring a claim of ineffective assistance of counsel on direct appeal is not subject to the cause and prejudice standard"). Lasseque presents a long list of allegations of ineffective assistance, including: providing evidence needed to fill gaps in the Government's case, failing to file a non-frivolous appeal, improper waiver of Lasseque's right to be present at a pre-trial deposition, use of improper procedures to secure a witness's presence, failure to allege facts to establish standing at hearing, failure to present chosen defense, misleading Lasseque as to counsel's intentions,

15

improper cross-examination, disregarding irrelevant evidence overheard by the jury, failing to file pre-trial motion for discovery or to suppress evidence, ineffective representation and unprofessional errors at sentencing, failure to file a brief in opposition to the Government's appeal of suppression order, failure to file a proper <u>Anders</u> brief, submitting a poorly written brief, failure to secure a complete transcript on appeal, failure to secure a foregone ground so that a new trial could be obtained, collusion with the prosecutor, willingness to accept Government's version of facts, conspiring with the Government to lose the trial and appeal, lack of devotion to Lasseque's interests, being a "door mat" for the Government, lack of performance due to non-payment, failing to prevent a conflict of interest on the part of one of the jurors, and the cumulative effect of the alleged errors. (Mot. to Vacate 2-5, 7.)

The Court need not address these allegations individually because in no instance has Lasseque presented factual or legal support or developed his ineffective assistance claims in any way. For example, he does not specify what gap-filling evidence counsel purportedly provided, what improper procedures were used to secure an unspecified witness's presence, what "chosen defense" was not presented, or what "foregone" issue was not preserved. As before, he has simply stated the above allegations as facts (or legal

16

conclusions), without elaboration. See Zannino, 895 F.2d at 17. Therefore, Lasseque's ineffective assistance of counsel claims are deemed waived.

Moreover, Lasseque has provided no basis on which the Court could conclude that counsel's performance fell below an objective standard of reasonableness, see Strickland, 466 U.S. at 688, or that Lasseque was prejudiced by counsel's actions or inactions, see id. at 687.[6]

> Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Here there is a double failure. More generally, [Lasseque] has made no showing that the justice of his [conviction] was rendered unreliable by a breakdown in the adversary process caused by deficiencies in counsel's assistance.

Id. at 700. Thus, even if Lasseque had not waived his ineffective assistance claims by failing to develop them, he has failed to meet the Strickland standard and, therefore, the Court rejects Lasseque's allegations that he received ineffective assistance of counsel.

IV. Conclusion

Based on the foregoing, Lasseque's grounds for relief are rejected in their entirety. Accordingly, the Motion is DENIED.

---

[6] A review of the transcripts in this matter reveals no evidence of objectively unreasonable performance by counsel or of prejudice to Lasseque.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA) because Lasseque has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Lasseque is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: July 11, 2018